**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIEO D. CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-907 SRW |
| | ) | |
| PAUL BLAIR, et al.,[1] | ) | |
| | ) | |
| Respondent(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Antonieo Clark for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The matter is fully briefed. The parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.  BACKGROUND**

In 2014, a judge in the Circuit Court for the City of St. Louis found Petitioner guilty of two counts of forcible rape, two counts of forcible sodomy, two counts of first-degree robbery, and six counts of armed criminal action. The judge sentenced him to life in prison. Petitioner appealed his convictions to the Missouri Court of Appeals, Eastern District, who affirmed his convictions. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

---

[1] The petition was filed against Eileen Ramey. However, Paul Blair is now the warden of the Potosi Correctional Center and is her successor.

The Court summarizes the facts recited by the Missouri Court of Appeals. (ECF No. 9-5, at 2-4).[2] In April 2012, Petitioner and two other men abducted a woman at gunpoint as she exited a bar, forcing her into an automobile. Petitioner raped the victim and forced her to perform oral sex on him while one of the other men held a gun to her head. After driving further, Petitioner pulled over and told one of the other men to sexually assault the victim. The man raped the victim and forced her to perform oral sex on him while a third man held a gun to her head. The men then demanded money from the victim, while repeatedly clicking a gun aimed at her head and telling her they would kill her. She did not have any money but called the owner of the bar from which she had left earlier, and he agreed to give the victim money. The three men and the victim returned to the bar, and the victim collected the money through the car window with a gun pointed at her head the entire time.

Over the next five hours, the men drove to Illinois and Jennings, Missouri making five to eight stops. At some point, Petitioner took the victim's engagement ring, cross necklace, and her father's wedding band. They forced her to smoke marijuana with them. They found her daughter's car keys, located the car, and one of the men drove it several miles away. At some point, they tried to convince another man to rape the victim, but he refused. Eventually, they stopped at a gas station. Two of the men entered the gas station while one remained in the car with the victim. He held the gun in his lap while he used both hands to roll marijuana. The victim then ran from the car into the gas station and asked the attendant to call 911, who did so. Petitioner and the two other men were arrested the next day.

---

[2] These facts are taken from the Court of Appeals' Memorandum affirming Petitioner's conviction on direct appeal. This Court presumes a state court's determination of a factual issue is correct. *See* 28 U.S.C. § 2254(e).

## II.     STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim which has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's

3

presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III. DISCUSSION

Petitioner asserts four grounds for relief in his Petition: (1) he received ineffective assistance of counsel when his trial counsel did not communicate with him for two years and did not file motions for discovery; (2) his two robbery convictions violate the Double Jeopardy clause; (3) the written judgment differs from the oral pronouncement of his sentence; and (4) trial court misconduct.

#### A. Timeliness of the Petition

Before getting to the merits of Petitioner's claims, the Court must first address the State's argument the Petition is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date the judgment on the original conviction becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2254(d)(2).

Petitioner's judgment became final on the day his time period for seeking direct review ended. 22 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)

4

("[T]he judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). The Missouri Supreme Court denied transfer of Petitioner's direct appeal on June 8, 2016. (ECF No. 9-11, at 3). Petitioner did not seek review with the United States Supreme Court; thus, his time for seeking direct review ended on September 6, 2016. *See* U.S. S. Ct. Rule 13(1) (A petitioner has 90 days to file a writ of certiorari). Petitioner filed his *pro se* PCR motion on December 11, 2014. (ECF No. 9-6, at 6). No time accumulated between the end of his direct review and the filing of his PCR motion. With the filing of his PCR motion, the statute of limitations was then tolled from December 11, 2014, until January 2, 2017. 28 U.S.C. § 2244(d)(2). The PCR motion court denied Petitioner's PCR motion on November 22, 2016. Petitioner then had 40 days to file a notice of appeal, until January 2, 2017.[3] Petitioner did not file a timely notice of appeal, but the Court of Appeals granted Petitioner leave to file a late notice of appeal on March 16, 2017. For 73 days, from January 2, 2017, until March 16, 2017, the statute of limitations was not tolled. *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) ("[A]n application is not "pending" between the expiration of the time for appeal and the filing of a petition for belated appeal.").

The statute of limitations was tolled again while Petitioner's PCR appeal was pending from March 16, 2017, until June 7, 2018, when the Missouri Court of Appeals issued the mandate for the appeal. Petitioner put his Petition for federal habeas relief in the prison mailing system on March 26, 2019. Thus, from June 7, 2018, until March 26, 2019, the statute of limitations was running, for a total of 292 days. In its argument, the State calculates the statute of limitations as running from June 7, 2018, until April 10, 2019, the date this Court received the Petition. This fails to apply the prison mailbox rule. *See* Rule 3(d), Sec. 2254 Cases. Therefore,

---

[3] Forty days after November 22, 2016, is January 1, 2017. This day falls on a Sunday, and is a holiday, so Petitioner's notice of appeal would have been due on January 2, 2017. Mo. S. Ct. R. 44.01(a).

5

Petitioner's statute of limitations ran for 73 days, from January 2, 2017, until March 16, 2017, and 292 days from June 7, 2018, until March 26, 2019, for a total of 365 days. Petitioner filed his Petition on the last possible day under the statute of limitations; therefore, his Petition is timely.

### B. Ground One – Ineffective Assistance of Counsel

In his first ground for relief, Petitioner asserts he received ineffective assistance of counsel from his trial counsel. He claims his attorney did not communicate with him until he sent a letter to the court about it two years after his case began. He also claims he had to file several *pro se* motions to preserve his right to a speedy trial and to compel discovery because of his attorney's lack of communication. He claims witnesses could have been called and a motion for discovery could have been filed changing the outcome of his case, had his attorney communicated properly.

> The Missouri Court of Appeals denied Petitioner's PCR appeal on this point, finding:
>
> To establish prejudice on his claim of ineffective assistance of counsel, Movant was required to show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Mere conclusory speculations of prejudice by Movant are not considered substantive evidence of counsel's ineffectiveness.
>
> . . .
>
> Movant has not alleged how the outcome of his trial would have been affected if counsel had not been ineffective. As the motion court correctly noted, Movant has not explained how his defense at trial was impaired by the alleged lack of communication. Movant has not alleged why any of his pretrial motions would have been granted. Movant has not explained what facts the State's witnesses would have recalled that would have been helpful to his case if the case had proceeded to trial more quickly. . .
>
> Additionally, Movant does not allege the existence of any evidence, witness, or defense Movant's counsel would have been able to present at trial, or how this unknown evidence would have created a reasonable probability of affecting the outcome of the trial. Therefore, Movant's allegations are mere conclusory speculations insufficient to establish prejudice.

(ECF No. 9-9, at 5-7) (internal citations and quotations omitted).

The Court of Appeals' decision on this claim is entitled to deference. "In order to warrant relief, or as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim. Mere conclusory allegations will not suffice." Due to his conclusory allegations, Petitioner fails to establish his counsel's alleged errors affected the outcome of his trial. Petitioner makes general assertions that witnesses could have been called and motions filed that would have changed the outcome of his case. However, he fails to include the necessary specifics such as what witnesses, if they were available to testify, and to what they would have testified. Nor does he include any specific motions that should have been filed. Thus, Petitioner fails to establish he was prejudiced by his counsel's alleged lack of communication and fails to establish a claim for ineffective assistance of counsel.

Petitioner's own testimony would also doom his claim of ineffective assistance of counsel. At the Rule 29.07 hearing, Petitioner told the trial court that his defense counsel, Terence Niehoff, met with him near the beginning of the case, met with him approximately six times between the start of the case and trial preparation, and Mr. Niehoff "spent a lot of time" with Petitioner in the days leading up to trial. Mr. Niehoff reviewed the police report with him and investigated the case to Petitioner's satisfaction. Petitioner did not give Mr. Niehoff the names of any potential witnesses, nor could he think of anyone Mr. Niehoff should have interviewed. Mr. Niehoff answered all of his questions and did not do or say anything Petitioner disagreed with during the trial. Petitioner told the trial court that Mr. Niehoff "did an excellent job." (ECF 9-1, at 418-425).

The Court of Appeals' decision is not an unreasonable application of federal law or an unreasonable determination of the facts. The Court will deny the Petition on this ground.

7

In his reply, Petitioner asserts more than fifteen new claims of ineffective assistance of counsel. Arguments raised for the first time in a reply brief are not considered by the Court. *Barhan v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006). If the Court were to consider the claims, it would find them meritless.

### C.     Ground Two – Double Jeopardy

In his second ground for relief, Petitioner asserts his two convictions for first-degree robbery violate the double jeopardy clause of the Fifth Amendment. He argues he was subjected to multiple punishments for the same offense. Petitioner believes he should have been convicted of only one count of robbery because he stole money and jewelry under a single, continuous threat of force.

The Missouri Court of Appeals denied Petitioner's double jeopardy claim on direct appeal. In doing so, the Court of Appeals applied plain error review under Missouri Supreme Court Rule 30.20 because Petitioner had not raised this claim before the trial court. (ECF No. 9-5, at 4). The Court of Appeals held Petitioner failed "to make a facial showing justifying plain error review of the alleged double-jeopardy violation." *Id*. at 5.

Petitioner did not raise this claim before the trial court, and he was procedurally barred under Missouri law from raising the claim on direct appeal. *See* Mo. S. Ct. R. 30.20. The Court of Appeals had discretion to, and did, review the claim for plain error. *Id*. However, because Petitioner's claim was procedurally barred in state court, this Court is barred from reviewing it. When a state court decides a claim on state procedural grounds, rather than on the merits, federal habeas review is barred, because the state court decision rests on independent and adequate state procedural grounds. *Coleman v. Thompson,* 501 U.S. 722, 730 (1991). A state court's discretionary plain-error review of unpreserved claims does not excuse a petitioner's procedural

8

default. *Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015). Therefore, this Court is barred from reviewing Petitioner's claim unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id*. at 750. Petitioner has not done so. The Court will dismiss the Petition on this ground as procedurally defaulted.

    **D.**    **Ground Three – Petitioner's Sentence**

In his third ground for relief, Petitioner argues the sentence in his judgment materially differs from the oral pronouncement of his sentence. Petitioner raised this claim before the Missouri Court of Appeals in his direct appeal. The Court of Appeals remanded the matter back to the trial court to correct Petitioner's sentences so that the written judgment conformed to the oral pronouncement of sentence. Therefore, Petitioner has already received the relief requested. The Court will dismiss the Petition on this ground as moot.

    **E.**    **Ground Four – Trial Court Misconduct**

In his fourth ground for relief, Petitioner makes several allegations about the judge who presided over his trial. He claims the judge denied his motion for mistrial even though someone in the courtroom coached the victim while the victim was testifying. He also argues the judge acquitted him of the kidnapping charge which establishes "the witness was willingly with the defendants and everything else the witness described was false testimony." (ECF No. 1, at 22). He believes this shows the judge was inexperienced and had "favoritism" towards the witness. In a memorandum attached to his Petition, Petitioner elaborates further. He reasserts his claim about coaching the victim and the kidnapping charge acquittal, and also claims the trial judge ignored the medical records, physician's report, and laboratory results from St. Louis University Hospital about the victim. Petitioner argues these exhibits show there were no signs of forcible

9

rape; thus, he should have been acquitted of those charges. Petitioner concludes by alleging the trial judge was unfair and prejudiced towards the defendants because the defendants were African American males and the victim was a Caucasian female.

Petitioner did not raise this claim, or any part of this claim, before the state courts; therefore, his claim is procedurally defaulted and must be dismissed. "[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan,* 526 U.S. at 848)).

A petitioner under § 2254 may avoid procedural default only by showing there was cause for the default and resulting prejudice, or a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977). In order to establish cause, the petitioner must show "some objective factor external to the defense" prevented his compliance with a state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner has failed to show cause for the default and resulting prejudice, or a miscarriage of justice. Although Petitioner asserts this claim resulted in a miscarriage of justice towards him, to establish a fundamental miscarriage of justice, Petitioner must show he is actually innocent, which he has not done. *Storey v. Roper*, 603 F.3d 507, 523 (8th Cir. 2010). The Court will dismiss the Petition on this ground as procedurally defaulted. Petitioner has failed to establish any of his claims; therefore, the Court will dismiss the Petition in its entirety.

**IV.    OTHER MOTIONS**

In addition to his original habeas petition, Petitioner has filed four other motions, which the Court will address here.

**A.    Motion for Reconsideration, ECF No. 27**

The Court will construe Petitioner's motion as a motion for reconsideration of the Court's order denying him appointment of counsel. As the circumstances of Petitioner's case have not changed, the Court will not reconsider the motion. Furthermore, with the denial of Petitioner's habeas petition, his motion for reconsideration is moot.

**B.    Motion to Recall, ECF No. 28**

The Court will construe Petitioner's Motion to Recall as a request for discovery. He asks the Court to "recall the following things" - his direct appeal questionnaire to counsel and his *pro se* PCR motion. With the denial of Petitioner's habeas petition, Petitioner's request for discovery is moot, and will be denied as such.

**C.    Amended Petition, ECF No. 29**

Petitioner filed an amended petition. The Court will construe this filing as a motion for leave to file an amended petition. In his amended petition, Petitioner asserts three new claims: (1) the prosecutor used false statements in his opening statements and destroyed exculpatory evidence; (2) actual innocence; and (3) ineffective assistance of PCR counsel. The Court will deny Petitioner's motion to amend because it is futile.

Federal habeas proceedings initiated by state prisoners are subject to the Rules Governing Section 2254 Cases in the United States District Courts. Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases (The Federal Rules of Civil

11

Procedure, to the extent that they are not inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings.). The decision whether to allow the amendment of a pleading is within this Court's discretion, keeping in mind the directive of Rule 15(a) that a court "should freely give leave [to amend] when justice so requires." *Moore-El v. Luebbers*, 446 F.3d 890, 891 (8th Cir. 2006). "The court may disallow amendment [of a pleading] for various reasons, ... including 'undue delay, bad faith or dilatory motive on the part of the [petitioner], repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Id*. at 901-02 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While "[d]elay alone is insufficient justification for a denial of a motion to amend, ... leave may be denied if [the amendment] would be futile." *Id*. at 902.

In his first claim, Petitioner asserts a claim for prosecutorial misconduct alleging the prosecutor used false statements in his opening statements and destroyed exculpatory evidence. Petitioner raised a similar claim in his *pro se* PCR motion before the state courts but did not raise it in his amended PCR motion or in his appeal of his PCR motion. Therefore, the claim is procedurally defaulted. *King v. Wallace*, No. 4:13-CV-199 ACL, 2016 WL 827931 at *4 (E.D. Mo. Mar. 3, 2016). Petitioner does not establish cause and prejudice for his procedural default. This claim is meritless.

In his second claim, Petitioner asserts he is actually innocent and claims he has newly discovered evidence to prove it. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). To the extent Petitioner asserts a claim of actual innocence to

12

excuse his procedural default on other claims, he cannot do so. The actual innocence exception to procedural default does not apply to non-capital sentences. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). This claim is meritless.

In his third claim, Petitioner asserts his PCR counsel was ineffective for failing to include the claims raised in his *pro se* PCR motion in the amended PCR motion. A petitioner cannot assert a claim for ineffectiveness of PCR counsel in a federal habeas petition. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254."). This claim is meritless.

The claims Petitioner raises in his proposed amended petition are meritless; therefore, amendment of his petition would be futile. The Court will deny the motion.

### D. Motion to Supplement, ECF No. 31

In his Motion, Petitioner asks the Court to consider a supplemental brief he has written in support of his amended petition. The Court is denying his motion to file an amended petition; therefore, the motion to supplement is moot and will be denied as such.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Antonieo D. Clark for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Reconsider [27] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Recall [28] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to File an Amended Petition [29] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Supplement [31] is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition is **DISMISSED, with prejudice**.

Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 4th day of January, 2021.

*/s/ Stephen R. Welby*
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**